

# IN THE SUPERIOR COURT OF GUAM

| IN THE MATTER OF<br>JARED JOHN BORJA,<br><br>                              Petitioner. | SPECIAL PROCEDINGS<br>CASE NO. SP0010-14<br><br>**DECISION AND ORDER** |
| --- | --- |

## INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on January 31, 2014. Attorney Raymond Ilagan represented the Petitioner. Counsel for the Government was not present. Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

On March 9, 2006, Petitioner was indicted on Four Counts of Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony). Ver. Pet. ¶ 2. On April 24, 2007, Petitioner entered a Deferred Plea Agreement to One Count of Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony) and was placed on probation for a period of three years. Ver. Pet. ¶ 3. On April 4, 2011, a Stipulation and Order for Dismissal was filed dismissing the case. Ver. Pet. ¶ 4. Petitioner now seeks to have all records relative to that criminal matter expunged. Counsel for the Petitioner informed the Court that the Government was served with notice prior to the hearing. The Court still has not received any submission from the Government relative to the Petition.

## DISCUSSION

Title 8 GCA §§ 11.10 and 11.11 govern expungement. Section 11.10 provides:

> The official records of the court, Attorney General and the police reports in connection therewith dealing with a violation by an adult of territorial law or a regulation having the force and effect of law shall be expunged when the subject

of the report is acquitted of the offenses charged, when the prosecuting attorney decides not to prosecute the offense or when the time for commencing the criminal action as prescribed by Chapter X of this Title has passed.

8 GCA § 11.10. Expungment "means the sealing of records to all persons outside of the law enforcement agencies of Guam and federal agencies entitled thereto and a refusal by such agencies to admit the existence of such records to persons not entitled to examine them. 8 GCA § 11.11.

In the present case, Petitioner does not meet any of the three factors under § 11.10, which would warrant an expungement of his records. First, Defendant entered into a deferred plea agreement. Although the case was dismissed upon completion of the terms of his probation, Defendant was not "acquitted" for purposes of expungement. Second, by entering into a plea agreement with the Government, Defendant cannot now argue that the prosecutor decided not to prosecute the offense. Finally, the third factor is inapplicable as the Government did in fact commence criminal action in the underlying case. Petitioner argues that because the alleged victim is now 23, and because a prosecution for a felony criminal sexual conduct involving a person under the age of consent may be commenced up to three years after the minor reaches the age of consent, the third factor is applicable because the Government has not commenced any further criminal action within the statute of limitations time period. The Court, however, construes the third factor as a scenario, for example, whereby a case has been initiated via complaint and subsequent police reports, but the Government then fails to commence a criminal action accordingly. Thus the third factor is inapplicable.

The Court notes that expungement orders may issue in a criminal case where there is a deferred plea agreement. However the possibility of expungement must be specifically negotiated and provided for in the plea agreement. *People v. Ho*, 2009 Guam 18 ¶ 32. At the January 31, 2014 hearing, counsel for Petitioner informed the Court that at the time of the

deferred plea agreement, the Attorney General's office had a policy to not include expungement provisions in the terms of the agreement. Therefore, Petitioner executed the plea agreement despite that fact. Notwithstanding, counsel for Petitioner further argued that the Court should expunge Petitioner's records pursuant to the Court's inherent authority, as discussed by the Guam Supreme Court in *People v. Ho*, 2009 Guam 18. In that case, the Guam Supreme Court reversed a trial court's expungement of Petitioner Ho's criminal records. Ho's underlying conviction resulted from a negotiated plea agreement. The trial court entered judgment against Ho for gambling under 9 GCA § 64.10(a)(1) and sentenced him to one year of unsupervised probation, a fine of $1,000, and court costs. The trial court later expunged his records dealing with that case, citing its inherent authority to expunge its own records as an extension of its power to control judicial functions and its agents. *Ho*, ¶ 3.

In *Ho*, the Supreme Court did not definitively resolve the issue of whether trial court's possess an inherent authority to expunge records, but it did discuss the relevant schools of thought pertaining to that issue. There are two main categories: 1) jurisdictions holding that courts do not have the power to expunge a criminal record unless a statute so provides; and 2) jurisdictions holding that, absent statutory authority, courts have some power to expunge a criminal record under certain circumstances. *Ho*, ¶ 11. The second category is further split into two subsets. The first is that "expungement is appropriate upon a showing that either a constitutional right of petitioner has been violated or there is an extreme need or exceptional circumstance that warrants expungement." *Ho*, ¶ 13. The second is that "courts can expunge a criminal record upon a showing of less than a constitutional error or an extreme necessity." The trial court in *Ho*, based its grant of Ho's expungement request on this second subset.

In the instant case, Petitioner argues for expungement under both subsets. First, Petitioner argues that his constitutional rights are being violated because his records affect his

employments rights, and his ability to join the military. Petitioner also argues an extreme necessity for expungement because he will be terminated if he does not get his records expunged. With regard to Petitioner's constitutional argument, the Court finds that it is not type of constitutional violation contemplated for purposes of expungement. "In the context of expunging records, violations of an individual's constitutional rights typically involve the individual denied due process or the severe infringement of his right to be let alone." *Ho*, ¶ 17. The court in *Ho,* acknowledge that in Colorado, expungements have been granted in the following separate instances: "(1) where there was improper dissemination of a person's criminal records, (2) where arrests have been deemed illegal, and (3) where the harm to an individual's right to privacy outweighed the public interest in the retention of such records." *Id.* (citing *Davidson v. Dill*, 503 P.2d 157, 161 (Colo. 1972)). Petitioner's purported issues pertaining to his employment is not the type of constitutional violation contemplated as Petitioner is not being denied due process nor is there a severe infringement of his right to be let alone. The Court cannot, therefore, grant an expungement of Petitioner's records on that basis.

Next, the Court shall consider Petitioner's arguments regarding extreme necessity or exceptional circumstances. In *Ho*, the trial court found that the Petitioner's threat of deportation was an exceptional circumstance that qualified him for expungement. However, on appeal, the Supreme Court disagreed, stating that "there must be evidence of the possibility that Ho will actually be deported as a result of his criminal conviction—or the assurance that Ho will not be deported if the expungement of his conviction record is granted." *Ho*, ¶ 27. In this case, counsel for Petitioner represented to the Court that, without an expungement, Petitioner will be terminated from his employment. That is because Petitioner's job at Watts Construction sometimes involves projects on the military bases on Guam, which Petitioner has been denied access, pursuant to the Sex Offender Registration and Notification Act of 2006. The Supreme

Court in *Ho*, however, acknowledged that both the "Ninth Circuit and Seventh Circuit view most collateral civil consequences as insufficient to warrant expungment." *Ho*, ¶ 21. Thus, difficulties in securing employment, or in this case, maintaining employment, would not be sufficient for the Court to expunge Petitioner's records, at least under the extreme necessity or exceptional circumstance view.

The trial court in *Ho*, however, based its expungement on the minority view or the more lenient "balancing test" test approach. The trial court considered: (1) the extent that the petitioner has demonstrated difficulties in securing employment or housing, (2) the seriousness and nature of the offense, (3) the potential risk that the petitioner poses and how this affects the public's right to access the records, (4) any additional offenses or rehabilitative efforts, and (5) other objective evidence of hardship under the circumstances when determining whether the benefit of expungement is commensurate with societal burdens." *Ho*, ¶ 25 (citing *State v. K.M.M.*, 721 N.W.2d 330, 335 (Minn. Ct. App. 2006). Even under the more lenient approach, the Supreme Court ultimately held that Ho was still ineligible for expungement. The facts of the present case, however, are distinguishable from those in *Ho*. Most salient is the fact that Ho's plea agreement still resulted in a conviction. In this case, Petitioner's completion of the terms under his deferred plea agreement resulted in a dismissal. Still, however, the Court has concerns with the Petition. In *Ho*, the Supreme Court found it worthy to mention that for a threat of deportation to qualify under the hardship factor, there needed to be actual evidence that Ho would have been deported as a result of his criminal conviction. In the present case, there are no sworn statements in the Court's file asserting a factual basis for the relief requested i.e. that Petitioner would be terminated from employment without the expungement; or that Petitioner will be allowed access to the military bases with the expungement. Most of Petitioner's

assertions were received via counsel's representations to the Court. Without more, the Court cannot make a conclusive determination as to whether expungement would be appropriate.

The motion to expunge will be held in abeyance pending further submissions to the Court. Petitioner is instructed to provide the Court with additional information relative to the factual bases for which the relief is requested.

As a final note, the Court is unsure of how exactly an expungement would impact Petitioner's situation. As mentioned above, 8 GCA § 11.11 still allows for federal law enforcement agencies to access the records. What effect an expungement will have in Petitioner's situation is uncertain.

## CONCLUSION

For the foregoing reasons, the Petition for Expungement will be HELD IN ABEYANCE pending further submissions to the Court.

**IT IS SO ORDERED** this day of March 31, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box on:

RDSC / AG

Date: 3/31/14  Time: 10:40a

Deputy Clerk, Superior Court of Guam

* Called 10:40 am
RDSC - Mona
AG - Vivian

Decision and Order
SP0010-14; *In the Matter of Jared John Borja*